UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERKESHIA MARTIN**                                    **CIVIL ACTION**

**VERSUS**

**THE EATON LAW GROUP**                          **NO.:12-00781-BAJ-SCR**
**ATTORNEYS, LLC, ET AL.**

RULING AND ORDER

Before the Court is **Plaintiff's Motion for Attorney's Fees and Costs Pursuant to Judgment Entered Against the Eaton Law Group Attorneys, LLC (Doc. 9)**, seeking an order from this Court awarding attorney's fees in the amount of $3,872.50 and costs in the amount of $485.95. The motion is opposed. (Doc. 11.) Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1331.

I.  **Background**

On December 11, 2012, Plaintiff Erkeshia Martin ("Martin") filed a complaint against Defendant The Eaton Law Group Attorneys ("Eaton")[1] and Defendant Does,[2] alleging violations of the Fair Debt Collection Practices Act, Title 15 United States Code § 1692 *et seq.* (Doc. 1.) Martin alleged that Eaton, as a debt collector, unlawfully

---

[1] Eaton asserts that Martin incorrectly named the Defendant as "Eaton Law Group Attorneys" instead of the proper name "Eaton Group Attorneys, LLC." (Doc. 11, at 3.) Nevertheless, the Court's ruling herein will reflect the name as it appears on the Court's docket.

[2] Martin also included "Does 1-10" in her complaint and amended complaint as Defendants. Martin did not know the identities of the Defendants at the time of filing of the suit, but asserted that they participated in the occurrences that led to this lawsuit, and that the Defendants' identities would be revealed during discovery. (Doc. 1, at 2, Doc. 3, at 2.)

threatened to garnish Martin's wages unless she rendered payment on the debt she owed. Martin also alleged that the harassment, lying, and hostile treatment by Eaton caused her mental distress.[3] Eaton answered the complaint on January 7, 2013. (Doc. 6.)

On February 25, 2013, Martin filed a Notice of Acceptance of Offer of Judgment (Doc. 7), indicating to the Court that she had accepted Eaton's offer of judgment and that judgment should be entered in her favor. Eaton subsequently filed a Motion for Entry of Judgement on Offer of Judgment (Doc. 8.) On March 7, 2013, the Court granted Eaton's motion, entered judgment in favor of Martin in the amount of $1,001.00, and dismissed the action with prejudice. (Doc. 14.) The order also stated that the amount of attorney's fees and costs awarded to Martin would be determined at a later date.

Martin filed the instant motion on March 11, 2013, seeking attorney's fees and costs in the total amount of $4,358.45. (Doc. 9, at 16.) Eaton opposes the motion, asserting that Martin's requested attorney's fees are excessive for the amount of preparation expended on the matter, and that any amount requested should be lowered in accordance with the applicable jurisprudence governing fee allocation. (Doc. 11, at 3.)

## II. Analysis

Title 15 United States Code § 1692k provides:

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

---

[3] Martin filed an amended complaint on December 12, 2012. (Doc. 3.)

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k. "The calculation of attorney's fees involves a well-established process." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "First, the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." *Id.* The factors which justify an upward or downward adjustment of the lodestar fee are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*

Martin seeks to recover attorney's fees in the amount $3,872.50 for a total of 16.1 hours of attorney and paralegal time at hourly rates ranging from $150.00 per hour to $350.00 per hour. (Doc. 9, at 13.) "Specifically, Plaintiff seeks to recover attorney's fees for George Thomas Martin, III at a rate of $395.00 per hour for .5 hours, attorney's fees for Darin Shaw at a rate of $290.00 per hour for 8.0 hours, a rate of $250.00 per hour for Nicholas Graphia and paralegal fees for Caria Castro Rivas and Asad Aratsu at a rate

of $150.00 per hour and $170.00 per hour respectively." (*Id.*) Martin also seeks an award of $485.95 in litigation costs, representing a $350.00 filing fee and a $135.95. (*Id.* at. 16.)

Eaton challenges Martin's requests for fees and costs on the basis that, in Eaton's information and belief, "counsel for [Martin] expended minimal time and expertise in the prosecution of the litigation." (Doc. 11, at 2.) Eaton asserts that counsel for Martin filed six lawsuits on the same day that Martin's suit was filed on December 11, 2012. (*Id.*) It also asserts that the lawsuits were all "materially similar" and that all of the actual complaints are devoid of "anything more than a laundry list of elements of statutory violations without any factual allegations of details that raise [Martin's] right to relief plausible." (*Id.*)

### A.   Reasonable Number of Hours Expended on the Case

The Court begins by assessing whether the number of hours claimed by Martin's attorneys is reasonable. *See Migis*, 135 F.3d at 1047. As the fee applicant, a plaintiff "bears the burden of proving that the number of hours for which compensation is requested is reasonable." *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996). Local Rule 54.2 provides specific guidance regarding how this burden is met, stating: "the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof." M.D. La. LR54.2. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Cooper*, 77 F.3d at 832 (quotation marks omitted); *see also La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324

(5th Cir. 1995) ("[A] district court may reduce the number of hours awarded if the documentation is *vague* or *incomplete*." (emphasis in original)).

Here, Martin has provided a detailed performance log of the services rendered by counsel for Martin and their legal assistants, which adequately "reflect[s] [] the date, time involved, and nature of the services performed." (M.D. La. LR54.2.) In general, this performance log demonstrates that Martin's counsel and counsel's assistants exercised proper judgment by billing for services necessary in the ordinary course of litigation. The performance log contains entries consistent with the timeline and filings of this matter, as well as typical entries for document review, file management, client consultations, and settlement discussions. (*See* Doc. 9-2, at 2-4.) Moreover, the Court did not find any of the entries to be duplicative, nor did it find any of the entries to be overly broad or overly encompassing. Finally, the Court found that the all of the entries on the performance log assign a reasonable amount of hours for the task performed.

The Court has considered Eaton's assertion that counsel for Martin expended only minimal effort in litigating their client's case. Nevertheless, Eaton has stated no particular objection to any of the entries on Martin's performance log, nor has it addressed the entries of any particular attorney or assistant. Indeed, Eaton has only made a general objection to Martin's request for attorney's fees and asserted that Martin's counsel may be overstating the amount of effort put into the litigation. Thus, without any specific objection, the Court must find Eaton's contentions to be unavailing. After a thorough review of the performance log, the record in this matter, and the applicable law, the Court is satisfied that Martin has provided adequate evidence of the

hours expended on the case for each attorney and assistant. As such, the Court finds that the 16.1 hours expended on this case do not require a reduction or recalculation by the Court.

### B.  Reasonable Hourly Rate

As noted, the "lodestar fee" is calculated "by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis*, 135 F.3d at 1047 (quotation marks omitted). An attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); see also *Leroy v. City of Houston*, 906 F.2d 1068, 1078-79 (5th Cir. 1990) ("In evaluating an attorneys' fees award, we are guided by the overriding principles that a reasonable attorney's fee' is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys . . . ." (quotation marks and alterations omitted)). The U.S. Court of Appeals for the Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Id.*

The party applying for attorney's fees bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *Kellstrom*, 50 F.3d at 324. "[A] mere conclusory statement that [a] fee [is] reasonable" is insufficient

for calculating the lodestar fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Instead, "[t]o inform and assist the court in [determining the reasonable rate]" the fee applicant should produce an affidavit of the attorney performing the work, information of rates actually billed and paid in similar lawsuits, *see Blum*, 465 U.S. at 896 n.11, as well as "affidavits of other attorneys practicing [in the community in question]," *Tollett*, 285 F.3d at 368. *See, e.g., Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (the party seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community"). In addition to the community rate, "a court considers the attorneys' regular rates" when determining a reasonable rate. *Kellstrom*, 50 F.3d at 328.

Here, Martin has failed to produce the requisite evidence by which this Court can determine the reasonable hourly rate for her attorneys' services. (*See* Doc. 9-1, 9-2, and accompanying exhibits). The Fifth Circuit recognizes that the prevailing market rates are those which concern the community in which the district court sits. Here, the appropriate district is the Middle District of Louisiana. Martin has failed to provide any information concerning the relevant rates of *this community*. The Court notes that Martin has provided supporting affidavits from Martin's counsel and their assistants, concerning their billing rates in their communities. Martin has also provided the Court with the *United States Consumer Law Attorney Fee Survey Report*, which breaks down prevailing rates of law firms and their attorneys who practice in the area of consumer law, by region. (Doc. 9-2, at 6-109.) Nevertheless, these documents to do not speak directly to the proper prevailing rates of this community. As such, the Court is deprived

of information necessary to calculate the lodestar fee. In sum, the Court concludes that Martin has failed to produce sufficient evidence to justify an assessment of fees against Eaton at this time. Accordingly, Martin's request for attorney's fees will be denied.

### C. Reasonable Costs

This Court's local rules provide that a prevailing party may request an award of costs "necessarily incurred." M.D. La. LR54.3. Martin requests an award of litigation costs in the amount of $485.95, comprised of a $350.00 filing fee and $135.95 service fee. Eaton's opposition does not address Martin's prayer for costs, nor does Eaton contest the reasonableness of these costs.[4] (*See* Doc. 11.) As such, the Court will assume that there is no objection. Upon independent review, the Court likewise determines that these costs are reasonable. Accordingly, Eaton will be assessed Martin's costs totaling $485.95.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion for Attorney's Fees and Costs Pursuant to Judgment Entered Against the Eaton Law Group Attorneys, LLC (Doc. 9)** is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that the Motion is **GRANTED** to the extent that it seeks assessment of reasonable costs against the Defendant Eaton Law Group

---

[4] Eaton's opposition memorandum fails to even address this argument. (See generally Doc.11). This Court's local rules require that a "respondent opposing a motion . . . file a response, including [an] opposing . . . memorandum," which "contain[s] a concise statement of reasons in opposition to the motion, and a citation of authorities upon which the respondent relies." M.D. La. LR7.4. In light of this Court's local rules, Eaton's failure to address Martin's claim for reasonable costs may be deemed a concession. *Cf. Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) ("We have recognized the power of district courts to adopt local rules requiring parties who oppose motions to file statements of opposition." (quotation marks omitted)).

Attorneys, also known as Eaton Group Attorneys, LLC. The Court **ASSESSES COSTS** against the Defendant in the amount of **$485.95**.

**IT IS FURTHER ORDERED** that the Motion is **DENIED** *without* prejudice to refile to the extent that it seeks assessment of attorney's fees against the Defendant. Should Plaintiff choose, she shall have one *final* opportunity to refile a Motion for Attorney's Fees. Because the Court has already determined the reasonable hours expended by Plaintiff's attorneys based on the evidence submitted with the instant motion, *supra*, Plaintiff shall limit any future motion to the issue of her attorneys' reasonable rate(s). Plaintiff shall include all relevant documents necessary for the Court's determination of reasonable rates consistent with the prevailing law of the Fifth Circuit. Further, any future motion must be filed *not later than* **Monday, April 14, 2014.** Pending Plaintiff's decision to refile her request for fees, the Defendant shall have until **Monday, May 5, 2014** to file a response. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) ("In a statutory fee case, the party opposing the fee award . . . has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee.").

Baton Rouge, Louisiana, this 31st day of March, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**