UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERKESHIA MARTIN                                              CIVIL ACTION

VERSUS

THE EATON LAW GROUP                                          NO.: 12-00781-BAJ-SCR
ATTORNEYS, LLC, ET AL.

## RULING AND ORDER

Before the Court is Plaintiff Erkeshia Martin's **Second Petition for Attorneys' Fees and Costs Pursuant to Judgment Entered Against the Eaton Law Group Attorneys, LLC (Doc. 16)**, seeking an order from this Court awarding attorney's fees in the amount of $3,265.00. The motion is unopposed. Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1331.

I.  Background

This is Plaintiff's second motion for attorneys' fees. On March 31, 2014, the Court issued a ruling and order granting in part and denying in part Plaintiff's first motion for attorneys' fees. (Doc. 15.) The Court found that Plaintiff had provided sufficient evidence of the amount of hours expended on preparation of the case. However, Plaintiff failed to provide sufficient evidence concerning the hourly rates of the attorneys and assistants seeking fees for services. Specifically, the Court found that Plaintiff had not provided evidence of the prevailing rates of attorneys practicing similar law in *this* District, which is an essential component to the Court's analysis of an award of attorney fees in this

circuit. Plaintiff was provided one final opportunity to correct the deficiencies in her motion and was ordered to file the requisite supplemental documentation no later than April 14, 2014.[1] (Doc. 15, at 9.) Plaintiff filed the instant motion on that date. Because the Court previously found that Plaintiff provided sufficient evidence of the reasonable amount of hours spent in preparation of the case, the analysis herein will pertain only to whether the hourly rates are proper.

II. Analysis

Title 15 United States Code § 1692k provides:

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k. "The calculation of attorney's fees involves a well-established process." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "First, the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." *Id.* The factors which justify an upward or downward adjustment of the lodestar fee are:

---

[1] The Defendant was given until May 15, 2014 to file a response in opposition to any supplemental motion filed by Plaintiff. (Doc. 15, at 9.) However, the Defendant did not file an opposition by the applicable deadline.

2

(1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id.

Originally, Plaintiff sought to recover attorney's fees in the amount $3,872.50 for a total of 16.1 hours of attorney and paralegal time at hourly rates ranging from $150.00 per hour to $350.00 per hour. (Doc. 9, at 13.) "Specifically, Plaintiff [sought] to recover attorney's fees for George Thomas Martin, III at a rate of $395.00 per hour for .5 hours, attorney's fees for Darin Shaw at a rate of $290.00 per hour for 8.0 hours, a rate of $250.00 per hour for Nicholas Graphia and paralegal fees for Caria Castro Rivas and Asad Aratsu at a rate of $150.00 per hour and $170.00 per hour respectively." (Id.)

Plaintiff has since requested the Court to enter an order of attorneys' fees for $3,265.00. (Doc. 16, at 3.) Specifically, Nicholas Graphia now seeks attorney fees at a billing rate at $200.00 per hour, attorney fees for Darrin Shaw at a billing rate of $250.00 per hour, attorney fees for G. Thomas Martin at a billing rate of $250.00 per hour, and fees for law clerk Asad Aratsu and paralegal Caria Castro Rivas at a billing rate of $100.00 per hour. (Doc. 16, at 4.)

A.  **Reasonable Hourly Rate**

As noted, the "lodestar fee" is calculated "by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating

lawyers." *Migis*, 135 F.3d at 1047 (quotation marks omitted). An attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); see also *Leroy v. City of Houston*, 906 F.2d 1068, 1078-79 (5th Cir. 1990) ("In evaluating an attorneys' fees award, we are guided by the overriding principles that a reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys . . . ." (quotation marks and alterations omitted)). The U.S. Court of Appeals for the Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Id.*

The party applying for attorney's fees bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *Kellstrom*, 50 F.3d at 324. "[A] mere conclusory statement that [a] fee [is] reasonable" is insufficient for calculating the lodestar fee. See *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Instead, "[t]o inform and assist the court in [determining the reasonable rate]" the fee applicant should produce an affidavit of the attorney performing the work, information of rates actually billed and paid in similar lawsuits, see *Blum*, 465 U.S. at 896 n.11, as well as "affidavits of other attorneys practicing [in the community in question]," *Tollett*, 285 F.3d at 368. See, e.g., *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (the party

seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community"). In addition to the community rate, "a court considers the attorneys' regular rates" when determining a reasonable rate. *Kellstrom*, 50 F.3d at 328.

Here, Plaintiff has submitted five amended affidavits with amended rates, which she avers "are supported by rates actually billed and paid in a similar lawsuit as well as similar rates obtained by other attorneys in this District." (Doc. 16, at 4.) The amended affidavits provide rates that Plaintiff's attorneys and their support staff contend are reasonable within the Middle District of Louisiana. (Doc. 16-1, at 1-10, Affidavits.) As evidence of the reasonableness of the amended rates, Plaintiff submitted documents of a judgment entered in a similar case in the Eastern District of Louisiana, where the present attorneys sought, and were awarded, similar fees.[2] (Doc. 16-3, at 2.) Plaintiff also directed the Court to Fifth Circuit opinions with similar legal issues where attorneys were awarded fees comparable to their years of experience.[3] Further, Plaintiff submitted a ruling from *Cobb v. A&S Collection Associates, Inc.*, a similar case decided in the Middle District of Louisiana where billing rates were found to be reasonable. 2011 WL 4433579, at *4-5 (M.D. La. 9/21/11). Finally, Plaintiff provided the Court with an

---

[2] Plaintiff directs the Court to civil action 12-cv-02926, *Michelle Lockwood v. The Eaton Law Group Attorneys, LLC*. This suit was brought in the Eastern District of Louisiana.

[3] Plaintiff directs the Court to *Yelton v. PHI Inc.*, 2012 U.S. Dist. LEXIS 114100, at *33 (E.D. La. Aug. 14, 2012) (awarding $250 hourly rate for attorneys with 11 to 15 years of experience); *Filson v. Tulane Univ.*, Civ. A. No. 09-7451, 2010 U.S. Dist. LEXIS 110639, 2010 WL 3943543 (E.D. La. Oct. 4, 2010) (awarding $250 per hour for an attorney with 25 years experience).

amended billing sheet reflecting the newly calculated rates. (Doc. 16-2, at 1-4, Exhibit A.)

Based on the evidence presented and the applicable law, the Court is satisfied with the evidence Plaintiff has provided, and determines that the amended billings rates sought by each attorney, paralegal, and law clerk are reasonable, given their respective experience and expertise, and the current prevailing rates in the Middle District of Louisiana.

### i. *Plaintiff's Lodestar Fee*

Consequently, the Court finds: (1) the appropriate lodestar fee for Nicholas Graphia is **$880.00**, consisting of **4.4 hours billed at a rate of $200.00/hour**; (2) the appropriate lodestar fee for Darrin Shaw is **$2,000.00**, consisting of **8.0 hours billed at a rate of $250.00/hour**; (3) the appropriate lodestar fee for G. Thomas Martin is **$125.00**, consisting of **.5 hours billed at a rate of $250.00/hour**; (4) the appropriate lodestar fee for Caria Castro Rivas is **$240.00**, consisting of **2.4 hours billed at a rate of $100.00/hour**; (5) the appropriate lodestar fee for Asad Arastu is **$20.00**, consisting of **.2 hours billed at a rate of $100.00/hour**; yielding (6) a combined lodestar fee of **$3,265.00**.

### ii. *Whether to Adjust Plaintiff's Lodestar Fee*

Now the Court must assess whether the lodestar figure should be adjusted upward or downward. *Migis*, 135 F.3d at 1047. The factors which justify an upward or downward adjustment of the lodestar fee have previously been identified.

Here, the Court finds that these factors do not warrant any additional adjustment from the lodestar amount. Indeed, many of these factors were subsumed in the original lodestar estimate. *See Hensley,* 461 U.S. at 434 n. 9. Accordingly, the Court determines that a fee award of **$3,265.00** is reasonable compensation for the attorneys' efforts in this case.

III. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff Erkeshia Martin's **Second Petition for Attorneys' Fees and Costs Pursuant to Judgment Entered Against the Eaton Law Group Attorneys, LLC (Doc. 16)** is **GRANTED**. Specifically, Plaintiff is awarded attorneys' fees in the amount of **$3,265.00**.

Baton Rouge, Louisiana, this 4th day of November, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA